UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIDEL H. PAJARILLO,<br>　　　　　　　　　　Plaintiff,<br>　v.<br>KRISTIN A. SCHULER-HINTZ; AN INDIVIDUAL; AND MICHAEL CHEN, AN INDIVIDUAL; U.S. BANK NATIONAL ASSOCIATION,<br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-00664-ART-BNW<br><br>ORDER |

This case is brought by *pro se* plaintiff Fidel Pajarillo ("Pajarillo") and involves various accusations that appear to be related to the foreclosure of Pajarillo's home. Before the Court are Defendants' motion to dismiss or in the alternative motion for summary judgment (ECF No. 6) (hereinafter "motion to dismiss"), Pajarillo's motion to extend time to file an opposition to the motion to dismiss (ECF No. 8), Pajarillo's objection to the magistrate judge's order striking his amended notice of additional defendants (ECF No. 17) and Defendants' motion for ruling and status update (ECF No. 22).

For the reasons set forth below, the Court grants Defendants' motion to dismiss based on lack of subject matter jurisdiction. The remaining pending motions are denied as moot.

### I.　　Procedural History

Pajarrillo filed his Complaint, titled "Complaint for Interpleader and Declaratory Relief" on April 21, 2022 (ECF No. 1) naming Kristin A. Schuler-Hintz and Michael Chen as the sole Defendants. He filed what he titled "Amended Notice of Additional Defendant" (ECF No. 5), which appears to be an amended

complaint (hereinafter "Amended Complaint")[1] naming U.S. Bank National Association as an additional Defendant and leaving Kristin A. Schuler-Hintz and Michael Chen in the Amended Complaint as party defendants. *Id.* Defendants filed a motion to dismiss on May 17, 2022. (ECF No. 6.) Plaintiff filed a motion to extend time to oppose the motion to dismiss (ECF No. 8) but did ultimately respond to the motion to dismiss (ECF No. 11) and Defendants then replied (ECF No. 13). Plaintiff also filed, on June 14, 2022, an "Amended Notice of Additional Defendants (ECF 10) purporting to add Matthew P. Pawlowski, Esq. and Mary Baca as party defendants in this action. Following a motion to strike, the Court struck the pleading. (ECF No. 16.)

## II. Discussion

### A. Factual Background

This matter appears to relate to real property that was foreclosed upon. The Amended Complaint is incoherent, refers to thisas an interpleader action, and invokes federal question and diversity jurisdiction with reference to statutes but without factual allegations to support the invocation of jurisdiction. The Amended Complaint also references admiralty jurisdiction by citation to a statute. Confusingly, it also asserts that, "The Nevada district court of the united states lacks subject matter jurisdiction under F.R.C.P. 12b (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction, due to failure of a general appearance and lack of ratification of commencement by the real party of interest under F.R.C.P. 17(a)(3)." (ECF No. 5.) The alleged causes of action appear to include the accusation that Countrywide Home Loans Servicing was not the lender or the owner of the account from which funds were transferred on December 2, 2005, as required by U.S. Patriot Act and various other laws and

---

[1] Because it appears that ECF No. 5 is the Amended Complaint (Pajarillo refers to it as a Complaint on Page 14) the Court will refer to it throughout the Order, but the Court's reasoning would apply to Pajarillo's original complaint (ECF No. 1) as well.

rules. The Amended Complaint consists largely of statutes cut and pasted into the document. Overall, it appears to relate to a foreclosure.

Defendants' motion to dismiss attaches various exhibits and sheds light on what could be the subject of the Amended Complaint. On December 2, 2005, the Debtor/Plaintiff entered into a residential real estate finance agreement ("Note") with Countrywide Home Loans, Inc., for the purchase of the property located at 6706 Zephyr Wind Ave., Las Vegas, Nevada 89139 (the Subject Property"). (ECF No. 6; Exhibit A)("Note".) The Note was secured by a Deed of Trust encumbering the Property. See, Deed of Trust (*Id.* at Exhibit B.) The loan has been in default on payments since April 1, 2008, and Defendant has sought foreclosure against the subject real property since that default. On May 21, 2021, Defendant U.S. Bank National Association concluded its foreclosure sale on the subject real property, with the Trustee's Deed Upon Sale having been recorded on June 1, 2021. (*Id* at Exhibit C)("Trustee's Deed Upon Sale".) Defendants explain that the two individual defendants in Pajarillo's initial Complaint are attorneys with the law firm of McCarthy & Holthus, LLP. His Amended Complaint names U.S. Bank National Association as an additional Defendant and leaves Kristin A. Schuler-Hintz and Michael Chen in the Amended Complaint as party defendants. Neither Schuler-Hintz nor Michael Chen is a party or signatory to the Note or Deed of Trust. (*Id.* at Exhibits A and B.)

### B. Subject Matter Jurisdiction

The Amended Complaint is subject to dismissal for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional challenge can be either

Case 2:22-cv-00664-ART-BNW   Document 24   Filed 02/17/23   Page 4 of 8

facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

There is no diversity jurisdiction. The diversity jurisdiction statute establishes federal jurisdiction over civil actions where the matter in controversy exceeds $75,000 and, as relevant here, if the action is between citizens of different States or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a). Inherent in this statute is the requirement that the state citizenship of all plaintiffs differ from that of all defendants. This requirement is called "complete diversity," 28 U.S.C. § 1332(a), and the burden of establishing it belongs to the party claiming that the Court can exercise original federal subject matter jurisdiction over the case based on the diversity statute. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). As contained on the first page of the Amended Complaint (ECF No. 5), Plaintiff Pajarillo resides in Las Vegas, Nevada. Pursuant to the Declarations of Kristin A. Schuler-Hintz and Michael Chen, attached to the motion to dismiss, both Defendants are residents of the State of Nevada, County of Clark, and have been for many years. (ECF No. 6.) Based on the obvious residencies of the parties in this action, this Court lacks subject matter jurisdiction based upon diversity of citizenship. Plaintiff's response broadly accusing defendants of perjury, fraud, forgery, counterfeiting, and various other crimes. (ECF No. 10.) This is insufficient to establish diversity jurisdiction.

The Court likewise does not have federal question jurisdiction. It appears Plaintiff attempts to assert some unidentified federal question or claim, which

4

could give rise to this Court's jurisdiction under 28 U.S.C § 1332(a). District courts have original jurisdiction of all civil actions arising under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Pajarillo's Amended Complaint does not support federal question jurisdiction. While he refers to several federal statutes and regulations, he does not allege any facts that would support federal question jurisdiction. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (this court "may not supply essential elements of the claim that were not initially pled."); *Oneida Indian Nation v. Cty. of Oneida*, 414 U.S. 661, 666 (1974) (Dismissal is appropriate when the purported federal claim is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy.").

Pajarillo's Amended Complaint likewise does not allege facts that support this being a rule interpleader action. Under federal law, there are two forms of interpleader: rule interpleader, under Federal Rule of Civil Procedure 22; and statutory interpleader, under 28 U.S.C. § 1335. "Interpleader is a procedural device used to resolve conflicting claims to money or property. It enables a person or entity in possession of a tangible res or fund of money (the 'stakeholder') to join in a single suit two or more 'claimants' asserting mutually exclusive claims to that stake." 4 James Wm. Moore et al., *Moore's Federal Practice* § 22.02[1] (3d ed. 2002). Subject matter jurisdiction in interpleader actions brought under Rule 22 ("rule interpleader") must be based on the general jurisdiction statutes applicable to civil actions in federal court. *See Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1090 (D. Haw. Apr. 11, 2007). Because subject matter jurisdiction does not exist under the general subject-matter and diversity jurisdiction provisions, 28 U.S.C. §§ 1331, 1332, an interpleader action may not be brought under Rule 22 of the Federal Rules of Civil Procedure.

The Amended Complaint does not allege facts to bring it within the ambit of the statutory interpleader provision. Generally, a federal court has jurisdiction

over a claim pursuant to 28 U.S.C. § 1335, the "statutory interpleader" provision, if five requirements are met. *See generally* Wm. W. Schwarzer, et al., *Federal Civil Procedure Before Trial* §§ 10:78–10:104 (William A. Rutter et al. eds., 2000). First, a "stake" or "res" must exist that is "under the control of the person bringing the lawsuit so as to be deliverable to the registry of the court." *General Atomic Co. v. Duke Power Co.,* 553 F.2d 53, 56 (10th Cir. 1977). The "stake" must be valued at "$500 or more." 28 U.S.C. § 1335(a). Second, the plaintiff must establish that "[t]wo or more adverse claimants . . . are claiming or may claim entitlement to" the stake. 28 U.S.C. § 1335(a)(1). *See also Libby, McNeill, & Libby v. City Nat'l Bank,* 592 F.2d 504, 507 (9th Cir.1978) ("Of course, a basic jurisdictional requirement of a statutory interpleader action [] is that there be 'adverse claimants' to a particular fund.") (citations omitted). Third, the claims must be "adverse to and independent of one another." 28 U.S.C. § 1335(b). Fourth, minimal diversity—defined as "diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens"—must exist. *State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 530 (1967). Finally, venue must be proper. *See* 28 U.S.C. § 1397. A statutory interpleader action "may [only] be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397.

Statutory interpleader is a limited remedial device, and one that would be inappropriately used here. As Defendants argue there is no stake or res that Pajarillo is in possession of, which this court could possibly adjudicate between the Defendants. The only, "stake," that one could conceivably be at issue Pajarillo is the Subject Property. The Court takes judicial notice of the Note and Deed of Trust, as well as any other exhibits that are matters of public record and recorded in the Clark County Recorder's Office against the Property. *United State v. Corinthian Colls.,* 655 F.3d 984, 998-999 (9th Cir., 2011) (a court may take judicial notice of public records if the facts noticed are not subject to reasonable

6

dispute). Pajarillo was divested of ownership and title of the Subject Property on May 21, 2021, when the Subject Property was sold at foreclosure sale to a third party. Ergo, Pajarillo is not in possession or control of any, "stake." Further, neither Schuler-Hintz nor Chen have any fathomable claim to any, "stake," that Pajarillo could possibly be alluding to in his Amended Complaint. Neither Chen nor Schuler-Hintz, in their individual capacity, possesses any actual or potential claim to any res held or owned by Pajarillo.

The Court also finds that the claims here are devoid of any conceivable merit, depriving the Court of subject matter jurisdiction. Generally, a federal court lacks subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citations and internal quotations omitted); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictious," "obviously frivolous," or "obviously without merit").

The Court thus dismisses this case based on lack of subject matter jurisdiction. As such it declines to reach the remaining arguments raised by Defendants.

**C. Leave to Amend**

The Court will not grant leave to amend because the Amended Complaint is incomprehensible with no basis in fact and law but will dismiss this case without prejudice. Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires." The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

7

than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Defendants urge the Court to deny leave to amend and Plaintiff provides no coherent reason to give him leave to amend. Neither the Amended Complaint nor Plaintiff's pleadings give the Court any confidence that amendment could cure the myriad defects in the Amended Complaint.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (ECF No. 6) is GRANTED consistent with this Order;

IT IS FURTHER ORDERED THAT the Complaint (ECF No. 1) and Amended Complaint (ECF No. 5) are DISMISSED WITHOUT PREJUDICE[2];

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time (ECF No. 8) is DENIED AS MOOT;

IT IS FURTHER ORDERED that Plaintiff's objection to the magistrate judge's order striking his amended notice of additional defendants (ECF No. 17) is DENIED AS MOOT;

IT IS FURTHER ORDERED that Defendants' motion for ruling and status update (ECF No. 22) is DENIED AS MOOT;

IT IS FURTHER ORDERED the Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 17th Day of February 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the Amended Complaint is docketed as Amended Notice of Additional Defendant. Though it appears in substance to be the operative complaint, the Court includes the original complaint out of an abundance of caution.